UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24585-CV-UNGARO
(16-20418-CR-UNGARO)
MAGISTRATE JUDGE REID

LLOYD SCOTT,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Plaintiff's *pro se* Motion to Vacate filed pursuant to 28 U.S.C. § 2255 [ECF No. 1] and supporting Memorandum of Law. [ECF No. 3]. Movant, **Lloyd Scott**, is currently incarcerated and serving a 94-month term of imprisonment after pleading guilty to, in addition to other charges not relevant here, being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Southern District of Florida, **Case No. 16-20418-CR-UNGARO**. [*Id.* at 1].

In the Motion to Vacate, Movant challenges the constitutionality of his § 922(g)(1) conviction, arguing that his guilty plea is invalid because his indictment

failed to properly advise him of the charges against him. [ECF No. 3 at 3-8]. Movant's first argument relies upon the recent Supreme Court of the United States ruling in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), which "clarified that 'in a prosecution under [18 U.S.C.] § 922(g) and [18 U.S.C.] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Moore*, ___ F.3d ___, 2020 U.S. App. LEXIS 10079, 2020 WL 1527975 (11th Cir. Mar. 31, 2020) (quoting *Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2200).

Movant also argues in a second claim that he received ineffective assistance of counsel, because his counsel failed to file an appeal of his underlying federal criminal case. [ECF No. 3 at 9-10]. Movant's second claim relies upon *Garza v. Idaho*, 586 U.S. ___, 139 S. Ct. 738 (2019), which held that, in the context of an ineffective assistance of counsel claim, prejudice is presumed when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued.

Upon receipt of a Motion to Vacate, the Court "must promptly examine it." Rules Governing Section 2255 Proceedings, R. 4(b). Accordingly, this cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Upon review of the record in this case and Movant's underlying criminal case, it is **RECOMMENDED** that the Motion [ECF No. 1] be **DENIED**. The Undersigned recommends denial because Movant's first claim is procedurally defaulted and meritless, and his second claim is barred by the statute of limitations and meritless.

## II.     Discussion

A.     Standard of Review

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of

other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

B.    <u>Movant's Claims</u>

## Ground 1

In Movant's first claim, he argues that his guilty plea is invalid because the indictment did not properly advise him of the nature of the charges against him, namely, that it did not allege the proper *mens rea*, pursuant to 28 U.S.C. § 924(a)(2), required after *Rehaif*. [ECF No. 3 at 5]. Movant's claim is procedurally defaulted because it was not raised on direct appeal. *See Lynn*, 365 F.3d at 1234 To overcome this procedural default, Movant must show both "cause" for the default and "actual prejudice" from the alleged error. *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Here, even assuming, *arguendo*, that the fact that *Rehaif* was not yet decided is sufficient to demonstrate cause, Movant cannot show actual prejudice. "To establish prejudice, [Movant] would have to prove that [he] suffered actual prejudice, not merely 'the possibility of prejudice.'" *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013)). "The error must have been one 'of constitutional dimensions' and

worked to their 'actual and substantial disadvantage.'" *Id*. (quoting *Fordham*, 706 F.3d at 1350).

In Ground One, Movant's argument can be liberally construed to challenge the voluntariness of his guilty plea because the Court allegedly accepted his plea in violation of Fed. R. Crim. P. 11. For a guilty plea to be knowingly and voluntarily made, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of the plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea … must show a reasonable probability that, but for the error, he would not have entered the plea. *Id*. at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Movant does not claim coercion or that he did not understand the consequences of his plea. Rather, Movant alleges that his guilty plea was not voluntary because he did not understand the nature of the charges. However, "[s]uch a violation is neither constitutional nor jurisdictional." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). A technical violation of Fed. R. Crim. P. 11 is not *per se* prejudicial, and "collateral relief is not available when all that is shown is a failure

to comply with the formal requirements of the Rule." *Id*. at 785 (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

While Movant alleges that he was not aware of the nature of the charges against him, which does raise a potential constitutional issue, he also does not argue that "if he had been properly advised by the trial judge, he would not have pleaded guilty." *Id*. at 784; *see also United States v. King*, 292 F. App'x 788, 790 (11th Cir. 2008) (*per curiam*) ("Here, assuming without deciding that the district court erred in its Rule 11 colloquy, King has not demonstrated (nor has he even argued) that but-for the alleged Rule 11 errors he would not have pleaded guilty."). In fact, Movant makes no argument regarding prejudice besides stating that he is prejudiced by having to serve his sentence, and thus his procedural default can only be excused if he can demonstrate "actual innocence," *see Murry*, 477 U.S. at 496, which will be discussed at the conclusion of this Report.

Movant's argument could also be liberally construed as raising a jurisdictional challenge, where Movant alleges that because his indictment did not contain allegations pursuant to § 924(a)(2) regarding movant's knowledge of the § 922(g) elements, it was either invalid or deficient and deprived the Court of subject matter jurisdiction. However, even so construing this claim, it should be denied.

Challenges to a court's subject matter jurisdiction cannot be waived or procedurally defaulted. *See United States v. Peter*, 310 F.3d 709, 712-13 (11th Cir.

7

2002). However, Movant's claim is nonetheless meritless because the Court did have subject matter jurisdiction over Movant's federal criminal case.

In every federal criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides that "the district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This standard is "not demanding." *Moore*, ___ F.3d at ___, 2020 WL 1527975, 2020 U.S. App. LEXIS 10079, at *20.

All an indictment must to do invoke federal subject matter jurisdiction is to "charge[] the defendant with violating a valid federal statute." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000)). Movant's indictment did charge him with violating a federal statute because it stated that he violated 18 U.S.C. § 922(g)(1), among other crimes. [CR-ECF Nos. 3, 40].

This indictment was clearly sufficient prior to *Rehaif*. While the indictment does not allege that Movant was aware of his status as a felon at the time he possessed the firearm, the text of 18 U.S.C. § 922(g) contains no such requirement. "In *Rehaif*, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to have knowledge of his status." *Moore*, ___ F.3d at ___, 2020 WL 1527975, 2020 U.S. App. LEXIS 10079, at *21. "Reading this knowledge requirement into the statute while also holding that indictments tracking

8

the statute's text are insufficient would be incongruous." *Id*. Thus, Movant's indictment is sufficient to invoke the Court's subject matter jurisdiction.

Further, even if the indictment was defective or omitted an element of Movant's offense, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "A jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." *United States v. Maldenaldo Sanchez*, 269 F.3d 1250, 1273, n.45 (11th Cir. 2001) (*en banc*) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), which described subject matter jurisdiction as "the courts' statutory or constitutional <u>power</u> to adjudicate the case").

"The constitutional rights to be charged by a grand jury, be informed of an accusation, and to have a jury trial are the personal rights of the defendant and do not go to the district court's subject matter jurisdiction." *Id*. Thus, a while violation of any of the above constitutional rights is cognizable under § 2255, and a prisoner in custody under such a sentence that was "imposed in violation of the Constitution or laws of the United States" "may move the court which imposed the sentence to vacate, set aside or correct the sentence," 28 U.S.C. § 2255(a), such a claim may, and in this case would be procedurally defaulted, as discussed above. To escape such a procedural default, Movant must prove "actual innocence," which will be addressed later.

## Ground 2

In Movant's second claim, he argues he received ineffective assistance of counsel because his appellate counsel failed to file an appeal in his underlying federal criminal case. [ECF No. 3 at 9-10]. Movant provides no factual support for this argument, nor does he discuss the circumstances of his request for an appeal, and the claim could be denied on this basis alone since it is Movant's burden to demonstrate by a preponderance of the evidence that he is entitled to relief in a case under § 2255. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

Regardless, Movant's claim is barred by the statute of limitations, and should be dismissed as untimely. Pursuant to 28 U.S.C. § 2255(f), the one-year limitation period "shall run from the latest of –

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

10

Here, while Movant seemingly argues he is bringing this claim under both *Garza* and *Rehaif*, which he claims renews the limitations period pursuant to 28 U.S.C. § 2255(f)(3), this timeliness analysis must be made on a claim-by-claim basis, not the on motion as a whole. *See Beeman*, 871 F.3d at 1219 (quoting *Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013) (*en banc*)).

Here, Movant's ineffective assistance of counsel claim accrued on the same date as the judgment of conviction in his federal criminal case became final, <u>March 15, 2017</u>, because this was when the time for filing a direct appeal expired (fourteen days after the amended judgment was entered by the Court). Accordingly, Movant had one year, until <u>March 15, 2018</u>, to file a § 2255 motion raising a claim of ineffective assistance of counsel. *See* 28 U.S.C. § 2255(f)(1).

In Movant's case, he effectively filed the instant Motion to Vacate on <u>October 31, 2019</u>, when he signed it [ECF No. 3 at 11] and handed it to prison officials for mailing pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988). Thus, his ineffective assistance of counsel claim is barred by the statute of limitations absent some other event that would renew the limitations period.

To the extent Movant might be attempting to raise a non-*Rehaif* ineffectiveness argument that relies upon a renewed limitations period pursuant to § 2255(f)(3) based on *Garza*, it would be untimely. Movant cannot rely upon *Garza* to renew the statute of limitations pursuant to § 2255(f)(3) because *Garza* did not

announce a new right that is retroactively applicable to cases on collateral review. *See In re Jackson*, No. 19-13309-B, 2019 U.S. App. LEXIS 27151, at *5-7 (11th Cir. Sept. 9, 2019) (panel decision on an application for successive § 2255 authorization and applying § 2255(h)(2)); *see also In re Cuero*, No. 20-10937-B, 2020 U.S. App. LEXIS 8585 (11th Cir. Mar. 18, 2020) (same). This is because *Garza* merely applied the logic of the rule announced in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to clarify that it applied to cases where there was an appellate waiver.

Even if the Court were to instead ignore the timeliness issue and liberally construe Movant's claim as a *Garza* claim arguing ineffective assistance of counsel claim that is founded on *Rehaif*, it would still fail. To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both[1] (1) that his counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

Here, Movant's claim would still fail because Movant cannot demonstrate his counsel's deficient performance. First, Movant makes no allegation that he directed his counsel to file a notice of appeal, which is required under *Garza* and *Flores-Ortega*. *See Rios v. United States*, 783 F. App'x 886, 890-91 (11th Cir. 2019) (*per*

---

[1] If a movant cannot meet one of *Strickland's* prongs, a court need not address the other prong. *See, e.g., Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 697).

*curiam*). Second, Movant seems to mistakenly argue that his waiver of his appeal rights in his Plea Agreement are the foundation of his ineffectiveness claim, which is simply not true.

Further, Movant cannot demonstrate deficient performance because at the time of Movant's underlying federal criminal case, *Rehaif* had not yet been decided. Simply put, an attorney is not constitutionally deficient for failing to anticipate future changes in the law. *See Pineda v. Warden, Calhoun State Prison*, 802 F.3d 1198, 1204 (11th Cir. 2015) ("We would not find counsel deficient for failing to anticipate the Supreme Court's clarification of the then-binding [law].") (citing *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001)). Thus, his attorney was not ineffective for failing to file anticipate and file a direct appeal based on *Rehaif*, which had not even been decided at the time he would have had to file his appeal.

### Actual Innocence

"To establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotations and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id*. at 623-24 (internal quotations and citations omitted). Accordingly, the Court is not limited to the trial record when adjudicating a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 328 (1995).

Movant fails to establish actual innocence because there is substantial evidence to establish that Movant is guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). After *Rehaif*, to establish a violation of § 922(g)(1), the Government must prove: (1) that the defendant knowingly possessed a firearm or ammunition, and (2) that the defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2200.

As for the first element, whether Movant knowingly possessed a firearm or ammunition, Movant's argument is foreclosed because the indictment did allege the possession was knowing. Further, this element was not affected by *Rehaif*, and Movant cannot rely upon it now.

As for the second element, whether Movant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, this element was affected by *Rehaif*. Even so, Movant cannot demonstrate actual innocence because he was in fact previously convicted of a crime punishable by imprisonment for a term exceeding one year, and he knew it.

Movant has two such convictions and if Movant were to have gone to trial, the Government would have easily proved that Movant knew he was previously convicted of a felony. According to Movant's Presentence Investigation Report ("PSI"), Movant pleaded guilty to Armed Robbery Firearm Deadly Weapon (sic)

14

and Aggravated Battery in Miami-Dade Case No. F04-28675C, where Movant was sentenced to two years' imprisonment after violating his probation. [PSI at ¶ 67]. In addition, Movant pleaded guilty to Strong Arm Robbery and Burglary of an Occupied Conveyance in Miami-Dade Case No. F10-3428, where Movant served 40 months' imprisonment as a result. [PSI at ¶ 70].

The Government would have been able to introduce evidence of these crimes at trial and it is inconceivable that Movant could now argue that he was unaware that he served such time in prison. As such, in light of all the evidence, Movant has failed to meet his burden to prove that it is more likely than not that no reasonable juror would have convicted him of violating 18 U.S.C. § 922(g)(1). *See Bousley*, 523 U.S. at 623 (internal quotations and citations omitted). Accordingly, Movant as failed to prove "actual innocence," and his Motion to Vacate should be denied.

## III.   Recommendations

Based on the above, it is **RECOMMENDED** that Movant's Motion to Vacate [ECF No. 1] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 8th day of July, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**; and

**Lloyd Scott**
13672-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
*PRO SE*

16