UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-24585-UU

LLOYD SCOTT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

                                    /

## ORDER

THIS CAUSE comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. D.E. 1 ("Motion").

THE COURT has reviewed the Motion, the pertinent parts of the record, and is otherwise fully advised in the premises.

## BACKGROUND

This matter was referred to Magistrate Judge Lisette M. Reid who, on July 9, 2020, issued a Report (D.E. 11, "Report") recommending that the Motion be dismissed. *Id.* at 3. Defendant objected to the Report on September 4, 2020, essentially seeking *de novo* review of the entire Report. D.E. 15.

In the underlying criminal case, *United States v. Scott*, No. 1:16-cr-20418-UU-2, Defendant pleaded guilty, *inter alia*, to a count of the superseding indictment charging that "the defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce" in violation of 18 U.S.C. § 922(g)(1). *Id.*, D.E. 64. Defendant also

1

pleaded guilty to conspiracy to possess 15 or more unauthorized access devices, aggravated identity theft, and possession of 15 or more unauthorized access devices. *Id.*

Defendant asserts two grounds for relief under § 2255. First, Defendant argues that his guilty plea was invalid because the indictment did not properly allege Defendant's *mens rea* under 28 U.S.C. § 924(a)(2) as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). D.E. 3 at 3. Second, Defendant asserts that he received ineffective assistance of counsel because counsel failed to file an appeal of the underlying criminal case. *Id* at 7.

## DISCUSSION

While Defendant's objections to the Report simply rehash the Motion and do not specifically reference any portions of the Report to require *de novo* review—the Court reviews the Report *de novo* in an abundance of process. *Cf. Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). The Court agrees with Magistrate Judge Reid's recommendations and concurs in her findings.

Defendant failed to raise the substance of his *Rehaif* claim on direct appeal, thereby procedurally defaulting the claim—a default which Defendant can overcome with a showing of both cause and prejudice, or of actual innocence. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Defendant's *Rehaif* claim is likely not "truly novel" so as to provide cause for his procedural default in failing to raise it on direct appeal, but even if cause were established, Defendant fails to show actual prejudice from his failure to raise this claim. *See United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) ("To establish prejudice, they would have to prove that they suffered actual prejudice, not merely 'the possibility of prejudice.' (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013))). Defendant fails to demonstrate that if he

had been properly advised, he would not have pleaded guilty. *See United States v. King*, 292 F. App'x 788, 790 (11th Cir. 2008). Relatedly, Defendant does not establish actual innocence of the count to which he pleaded guilty. Defendant's *Rehaif* claim fails.

Defendant's claim of ineffective assistance of counsel is barred by the statute of limitations. Defendant had one year from the date his conviction became final, on March 15, 2017, to file a § 2255 motion raising an ineffective assistance of counsel claim. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017). Contrary to what Defendant implies, the Supreme Court's decision in *Garza v. Idaho*, 139 S. Ct. 738 (2019) did not recognize a new right that was made retroactively applicable to cases on collateral review that would restart the statute of limitations. *See id.* ("In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review."). In fact, *Garza* only clarified the extent of the Supreme Court's holding in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *Garza*, 139 S. Ct. at 749 ("This ruling follows squarely from *Flores-Ortega* . . . ."). While the Court need not reach the merits of the claim since it is barred by the statute of limitations, the Court notes that Defendant did not even assert, until objecting to the Report, that he asked his counsel to file a notice of appeal. Defendant's ineffective assistance of counsel claim fails as well. It is hereby

ORDERED AND ADJUDGED that the Report, D.E. 11, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that the Motion, D.E. 1, is DENIED. It is further

ORDERED AND ADJUDGED that the case is CLOSED.

DONE AND ORDERED in Chambers, Miami, Florida, this _29th___ day of September 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
Lloyd Scott, *pro se*
Counsel of Record via CM/ECF

4